UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER S TAM, and BEVERLY CHIN TAM.,<br><br>        Plaintiffs/Judgment Creditors,<br><br>    v.<br><br>JUN HAI CHEN,<br><br>        Defendant/Judgment Debtor. | Case No.  25-mc-80261-WHO<br><br>**ORDER REJECTING CLAIM OF EXEMPTION AND DENYING MOTION TO QUASH**<br><br>Re: Dkt. Nos. 10, 15, 20 |

Plaintiff creditors ("Creditors") registered a $762,175.00 default judgment in their favor and against defendant Jun Hai Chen in this District on September 2, 2025.  Dkt. No. 1.  In aid of enforcement of that judgment, Creditors sought an Order requiring "Appearance and Examination of Judgment Debtor" Chen.  Magistrate Judge Sallie Kim set a briefing schedule on that request. Dkt. Nos. 10, 11.  Creditors also moved, pursuant to California Code of Civil Procedure section 703.550, for an order rejecting the claim of exemption ("COE") filed by Chen in response to a bank levy served by the United States Marshal Service ("USMS") on Bank of America, N.A. to collect on the judgment.  Dkt. No. 15.

Chen did not file a timely opposition to either the motion for an order requiring an appearance of examination or the motion to reject the claims of exemption.  One day before the hearing on the motion to reject the claims of exemption, however, he filed a motion to quash the bank levy and an opposition to the motion to reject.  Dkt. Nos. 20, 21.  At the January 7, 2026 hearing, I deferred the ruling on the motion to reject the exemption until I could hear the motion to quash.  In the interim, I referred the Creditors' request for a judgment debtor examination to Magistrate Judge Kim.  The examination was held on March 5, 2026.  Dkt. No. 32.  A hearing on

the motion to reject the claims of exemption and the motion to quash was held on May 13, 2026. Both motions are now ripe for determination.

## I.      MOTION TO QUASH

Chen moves to quash the writ of executions, "recall/void" the levy, and for a protective order to prohibit any further "non-compliant" levy attempts.  Dkt. No. 20.  He argues that the Creditors improperly had the U.S. Marshal serve the Bank of America with "overbroad" instructions on what to levy because it identified "multiple property types with different statutory procedures, improperly reaches non-party corporate affiliates, ignores centralized levy rules for financial institutions, and fails to accommodate exemptions."  Dkt. No. 20-2.  He points to the Judicial Council Form MC-025 that Creditors attached to the Writ of Execution and Notice of Levy, directing the Marshal's office to levy "all deposit accounts, trust accounts, safe deposit boxes, certificates of deposit, monies, credits, rents, debts, investments, and effects due or owed, in the possession or under the control of Garnishee, Bank of America, N.A., its subsidiaries, parents, and affiliates in the name or for the benefit of the Judgment Debtor."  Dkt. No. 20-2, Ex. A at pg. 3.

While Chen moves to quash the "writ" as well as the Notice of Levy, he cites no authority that when a Notice of Levy is deficient, the Writ itself can be quashed.  Moreover, as discussed below, he has not shown that the Notice of Levy was defective or that he has suffered any cognizable harm from any defect such that the service of the Notice of Levy on the Bank of America should be quashed

Chen argues that the Writ and Notice of Levy must be quashed because the identification of property is "overbroad" and violated the specificity requirement of California Code of Civil Procedure (C.C.P.) sections 699.510-699.520.  Nothing in any of the C.C.P. sections identified by Chen specify the level of detail required for notices of levy.  *See, e.g.*, C.C.P. § 699.510 ("Issuance of writ; judgments under Family Code") or § 699.520 ("Directions to officer; contents of writ").[1]

---

[1] Chen also relies on C.C.P. sections 701.010 and 701.020 but those provisions address responsibilities of recipients "Duties of third persons; 'good cause' defined," and "Liability of third persons" respectively.

He notes that the C.C.P. provides different instructions for levies, depending on the types of property at issue, and that the MC-025 Form served on Bank of America covered some of these different categories of property. Dkt. No. 20-2 at 2-3 (identifying C.C.P. §§ 700.140 ("Deposit accounts/CDs"), 700.150 ("Safe-deposit boxes"), 700.170/700.190 ("third-person levies"), 706.010 ("Earnings")).

Reviewing the statutory provisions identified by Chen, there are different instructions for the garnishees, as well as differing notice and service requirements for the levying agent, depending on the property subject to levy. There is *nothing* in the statutory provisions cited by Chen, however, that requires a separate notice of levy or separate Form MC-025s for different types of property.[2] Moreover, the only property held by the Bank of America subject to the pending levy is a cash deposit account. Even if the Creditors' Notice of Levy violated some unidentified technical requirement by including different types of property in the property description of their form MC-025 – and no statutory provision Chen cites stands for that proposition – the notice was sufficient for levying cash deposits and there is no harm to Chen.[3]

Chen next argues that because the property description included not only Bank of America but also property in the possession of its "subsidiaries, parents, and affiliates," the Writ and Levy should be quashed because a separate levy is required for each different corporate entity. Chen cites no authority in support. And any error was harmless here where the Writ and Notice of Levy was served by the U.S. Marshal only on Bank of America and only Bank of America responded.

Chen also contends that the failure of the Marshal to serve the Writ and Levy on the Bank of America's "centralized" location for service of legal process under C.C.P. section 684.115 (allowing financial institutions with more than nine branches or offices in state to designate one or

---

[2] For example, section 700.140 covers basic "Deposit accounts/CDs" and section 700.150 covers "Safe-deposit boxes." The statutes do require different forms of notice and fees once the levy is served, for example, to cover the cost of opening safe deposit boxes.

[3] So, for example, while the MC-025 identifies "rents, debts" in the property description and service of a levy covering an account receivable to a debtor requires service on the "account debtor" under C.C.P. section 700.170, that is not at issue here with respect to the service of the Levy on Bank of America. Chen also cites § 700.190, but that concerns the execution on a "Final money judgment" and nothing the Creditors did here violated any part of that section.

United States District Court
Northern District of California

more central locations for service) invalidated the Writ and Notice of Levy. Chen does not demonstrate that Bank of America *has* identified any central locations pursuant to that code section. In any event, Bank of America has not objected to compliance on that ground and Chen has shown no harm from any theoretical violation of central service.

Finally, Chen argues – without reliance on any identified statutes – that allowing bulk descriptions of property threatens to allow the levying of otherwise exempt property. However, if that occurs the obvious solution and recourse is the one Chen pursued here and discussed below; the filing of a claim of exemption to some or all of the levied property.

Chen's motion to quash is DENIED.

## II.    CLAIM OF EXEMPTION

Creditors ask me to reject the claim of exemptions filed by Chen. In the Claim of Exemption ("COE") filed with the U.S. Marshals Service, Chen claimed that the approximately $5,208.22 held by the Bank of America was exempt under California "CCP 704.160 (Child Support), CCP 704.060, CCP 704.115, and CCP 706.050." Dkt. No. 15-1 at ECP pg. 9. Chen also filed a "Financial Statement (Wage Garnishment – Enforcement of Judgment)." *Id*. pg. 10. In the Financial Statement, Chen identifies two dependents for whom he is solely financially responsible, as well as his monthly income and expenses. *Id*.

Chen has failed to meet his burden to show that the funds held by the Bank of America are exempt as wages necessary to support his two dependent children or are otherwise exempt. Cal. Code Civ. Proc. § 703.580(b).[4] As an initial matter, Section 6 of the COE form, requiring

---

[4] Section 703.580 provides:
    (a) The claim of exemption and notice of opposition to the claim of exemption do not constitute an appearance pursuant to Section 1014. The power of the court over the exemption claimant is limited to determining the claim of exemption.
    (b) At a hearing under this section, the exemption claimant has the burden of proof.
    (c) The claim of exemption is deemed controverted by the notice of opposition to the claim of exemption and both shall be received in evidence. If no other evidence is offered, the court, if satisfied that sufficient facts are shown by the claim of exemption (including the financial statement if one is required) and the notice of opposition, may make its determination thereon. If a claim of exemption asserts that money in a judgment debtor's deposit account is or was necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor as provided in Section 704.225, the court shall review the judgment debtor's financial statement and make findings thereon. If not satisfied, the court may order the hearing continued for the production of other evidence,

4

United States District Court
Northern District of California

applicants to state "facts to support" of the claimed exemption, is blank. Dkt. No. 15-1 at pg. 9. Further, none of the exemptions identified in Chen's COE obviously apply to the limited amount of Bank of America funds at issue.[5]

Despite the facial deficiencies with COE form, before ruling on this motion I directed the parties to take the debtor examination before Judge Kim. *See supra*. According to the Creditors, and not disputed by Chen, the debtor examination showed that Chen and the mother of his children and his children all live in Chen's parents' house and that Chen pays about "$1200" to his parents "whenever he can." Dkt. No. 36 at 5. The $2,000 he identified on the COE form for "food and household supplies" is actually used on going out and not for groceries or household items. *Id*. at 6. And Chen does not pay any child support but spends $1500 on "kids' activities" for his children who attend public school. *Id*.[6]

I find that the COE submitted to the U.S. Marshal's Service does not exempt the $5,208.22 from the Bank of America account. I find that Chen has failed to provide evidence in support of his claimed exemptions, specifically that he requires the amounts subject to levy in the Bank of America account to pay for his own support or the required support of his children. He has not submitted detailed evidence to rebut the Creditors' assertion that in the judgment debtor examination it was shown that: (1) Chen and his children live in a house owned by Chen's parents and Chen is not required to pay rent; (2) Chen has no legally mandated child support obligations for his children who attend public school; and (3) that Chen has other sources of income, separate from the amounts currently present in the Bank of America account. I make no further findings

oral or documentary.
(d) At the conclusion of the hearing, the court shall determine by order whether or not the property is exempt in whole or in part.

[5] Cal. Civ. Proc. Code § 704.160 addresses exemption of workers compensation disability benefits, except for child support orders. Section 704.060 exempts "personal property necessary to and used in exercise of trade, business or profession." Section 704.115 provides limited exemptions and related payment authority for "retirement plans." Section 706.050 sets out the "maximum amount of disposable earnings of an individual judgment debtor subject to levy."

[6] In his reply, Chen does not address these assertions or submit any evidence to the contrary, for example a declaration submitted under penalty of perjury or a transcript from the debtor's examination. Instead, he reasserts his overbreadth to the Notice of Levy rejected above. *See* Dkt. No. 37.

regarding any other funds that might enter the Bank of America account or potential exemption of funds in any other account.

The motion to reject the claims of exemption to the $5,208.22 held by Bank of America is GRANTED and the claims of exemption are OVERRULED.

**IT IS SO ORDERED.**

Dated: May 13, 2026



William H. Orrick
United States District Judge

United States District Court
Northern District of California

6